## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 07-2222** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| **GARY REYNOLDS, M.D., P.A. T** | : | |
| **FAUSTON, MS. DAVIS, P.A., DR.** | : | |
| **SPALDING, DR. DALMASI, WARDEN** | : | |
| **TROY LEVI, CAPTAIN DAVID C.** | : | |
| **KNOX, SIS LIEUTENANT JAMES** | : | |
| **GIBBS, and JOHN DOES 1-10,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW OF PLAINTIFF KAREEM HASSAN MILHOUSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(f), Plaintiff Kareem Hassan Milhouse ("Plaintiff" or "Mr. Milhouse") submits this Memorandum of Law and the attached Certification of Matthew A. Hamermesh in opposition to Defendants' Motion for Summary Judgment.

### INTRODUCTION

The Defendants in this case seek summary judgment dismissing all of the claims of Mr. Milhouse based on an alleged failure to exhaust available administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Defendants' Motion for Summary Judgment was filed just three weeks after this Court denied Defendants' separate Motions to Dismiss. As a result of the short time-frame between the Motions to Dismiss – in which one Defendant sought and was denied dismissal based on Plaintiff's alleged failure to exhaust – and the instant motion, and the lack of discovery in this case, there likely are significant issues of fact regarding Plaintiff's alleged failure to exhaust that preclude a grant of

summary judgment. For these reasons, and as set forth more fully below and in the Certification of Matthew A. Hamermesh pursuant to Fed. R. Civ. P. 56(f), Plaintiff respectfully submits that Defendants' Motion for Summary Judgment be denied.

## BACKGROUND

On April 4, 2006, before becoming a pretrial detainee, Plaintiff was diagnosed with renal failure at Frankford Hospital, Frankford, Pennsylvania. Plaintiff was arrested on May 12, 2006 and at all times since has been in the custody of the Federal Bureau of Prisons. [1]

On June 4, 2007, Plaintiff filed a *pro se* Complaint alleging numerous instances of inadequate medical treatment in violation of his constitutional rights while in the custody of the Federal Detention Center ("FDC"), Philadelphia. On October 22, 2007, this Court granted Plaintiff's Motion to Appoint Counsel and, by Order dated May 15, 2008, the undersigned was appointed as counsel for Plaintiff.

Approximately five months prior to the appointment of counsel, however, Plaintiff began to seek discovery relating to his Complaint. Specifically, on January 18, 2008, Plaintiff filed a Motion to Compel Discovery, Civil Docket No. 07-2222 ("Civil Docket") Entry No. 38, which this Court denied on January 28, 2008, for failure to specify the documents sought. Civil Docket Entry No. 42.

On February 15, 2008, Plaintiff filed a second motion to compel the production of various documents relating to him. Civil Docket Entry No. 47. On July 28, 2008, before Plaintiff

---

[1] Although Plaintiff has at all relevant times been in the custody of the Bureau of Prisons, Plaintiff has been transferred among numerous different prisons including FDC Philadelphia and the United States Penitentiary – Lewisburg, Pennsylvania. Upon information and belief, Plaintiff was incarcerated at FDC Philadelphia from May 18, 2006 through June 5, 2007, and again from August 13, 2007 through February 21, 2008.

received any response to his motion, this Court denied all pending motions without prejudice. Civil Docket Entry No. 61.

Thereafter, on August 13, 2009, Plaintiff filed an Amended Complaint alleging that Defendants consciously disregarded Plaintiff's serious medical conditions, including without limitation, kidney failure, serious back injury and a heart murmur, and denied him adequate medical treatment. Further, Mr. Milhouse contends that, as a result of Defendants' actions, he has suffered and continues to suffer physical injuries.

On October 13, 2009, the Defendants filed Motions to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on various grounds. In fact, Defendant Reynolds moved, inter alia, to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies under the PLRA, the same ground as set forth in the instant motion. This Court denied Defendants' motions on March 2, 2010. On March 23, 2010, approximately three weeks after this Court denied Defendants' motions, and well before Plaintiff had any meaningful opportunity to conduct discovery, Defendants filed the instant Motion for Summary Judgment.

**ARGUMENT**

I.  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS PREMATURE AND PLAINTIFF SHOULD BE PERMITTED TO PERFORM DISCOVERY NECESSARY TO OPPOSE DEFENDANTS' MOTION ON ITS MERITS**

In the instant motion, Defendants request that this Court grant summary judgment just three weeks after this Court denied their motions to dismiss and well before Plaintiff has had any meaningful opportunity to seek discovery. Federal Rule of Civil Procedure 56(f) provides that if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). Because,

3

at this early juncture, Plaintiff has had no opportunity to perform discovery and cannot present facts essential to justify its opposition, Defendants' Motion for Summary Judgment should be denied.

Discovery is an essential component of federal litigation.  See Doe v. Abington Friends School, 480 F.3d 252, 256 (3d Cir. 2007) ("As any practicing attorney can attest, federal litigation revolves around the generous and wide-ranging discovery provided by the Federal Rules of Civil Procedure. . .These mechanisms were made necessary by the revolutionary switch from 'fact pleading' to 'notice pleading' that was embodied by the modern rules.")  Indeed, modern civil procedure "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

Thus, it is well-established that courts are "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." Dowling v. City of Philadelphia, 855 F.2d 136,139 (3d Cir. 1988); see also, e.g., Anderson, 477 U.S. at 257 (explaining the non-moving party's burden at summary judgment rests on the assumption that the party "had a full opportunity to conduct discovery.").  As a result, "if the non-moving party believes that additional discovery is necessary, the proper course is to file a motion pursuant to Rule 56(f)." Doe, 480 F.3d at 257.  "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion."  Id.  Indeed, when a Rule 56(f) affidavit "is properly filed and supported, it is generally granted 'as a matter of course.'" Kwanzaa v. J. Knowles, Civ. No. 05-5976, 2008 WL 4192298, at *1 (D.N.J. Sept. 8, 2008)(citing Doe, 480 F.3d at 257).

In the instant matter, prior to the appointment of counsel, Plaintiff filed at least two motions *pro se* to compel the production of various documents. See Civil Docket Entry Nos. 28 and 47. In addition, Plaintiff appears to have filed several administrative remedies with the Bureau of Prisons seeking documents that might enable Plaintiff to oppose the instant motion. See, e.g., Affidavit of Darrin Howard ("Howard Aff.), Attachment A, Remedy ID 467069-R1 ("Wnts Copies of Responses to Rems filed"); 569583-F1 ("Req to Review Central File"); 570772-R1 ("Wants Remaining Documents Under 2008-02171"). Upon information and belief, these requests went unanswered. Thus, despite the well-established principles that permit a party the opportunity to develop "an adequate record" prior to a grant of summary judgment, Plaintiff has had no such opportunity. Doe, 480 F.3d at 257 ("[B]y its very nature, the summary judgment process presupposes the existence of an adequate record").

Moreover, although Defendants contend that Plaintiff's claims are precluded under the PLRA's exhaustion requirement because Plaintiff did not exhaust the administrative remedies concerning any of his claims, Defendants' argument fails for at least two reasons. First, the PLRA only requires exhaustion of "such administrative remedies as are available." 42 U.S.C. § 1997e(a) (emphasis added). "A remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)." Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003). Because Mr. Milhouse has had no opportunity to conduct discovery, Plaintiff cannot, at this juncture, establish a record demonstrating an issue of fact concerning whether the requisite administrative remedies were "available" to him.

Indeed, Attachment A to the Howard Affidavit suggests that Mr. Milhouse's efforts to exhaust his administrative remedies may have been thwarted or, at the least, that administrative

remedies were not available to him.[2]  See, e.g, Howard Aff., Attachment A, Remedy ID 481148-F1 ("Request Untimely Appeal Be Accepted"); Remedy ID 506680-R1 ("Complaint About Admin. Remedy Appeals Being Rejected"); Remedy ID 524066-F1 ("I/M Claims Denied Access to Admin. Rem. Program").  Moreover, at least several of the administrative remedies enumerated in Attachment A refer to an appeal filed by Mr. Milhouse including, but not limited to: Remedy ID Nos. 561525-A1, 565287-A1 and 565290-A1.  Without any discovery into the documents underlying Attachment A, it is impossible for Mr. Milhouse to demonstrate an issue of fact concerning the administrative remedies that were "available" to him as required by the PLRA.

Indeed, some of the responses that Plaintiff received from the Administrator Remedy Coordinator suggest that Plaintiff's Administrative Remedy Requests were rejected because he did not file them at the proper level, notwithstanding the numerous filings set forth on Exhibit A to the Howard Affidavit.  Rejection Notice (December 18, 2007), attached hereto as Exhibit A; Rejection Notice (February 13, 2008), attached hereto as Exhibit B.  Discovery is necessary to determine whether Plaintiff filed Administrative Remedy Requests at the proper level and thus properly exhausted these administrative remedies.

Second, while Defendants' motion relies exclusively on the Howard Affidavit and its attachments to demonstrate Plaintiff's alleged failure to exhaust, Howard Aff. ¶ 31, these documents actually attest to Defendants' limited and selective review of the administrative remedies filed by Plaintiff.   Indeed, although Mr. Milhouse filed approximately 591

---

[2] Attachment A to the Howard Affidavit comprises a computer generated list of the administrative remedies filed by Mr. Milhouse during his incarceration.  However, the list provides no details regarding Mr. Milhouse's grievances including any facts underlying each grievance.  Moreover, Defendants provide no explanation for the information that is provided, i.e., whether that information comprises a description, a title, a summary or a disposition.

administrative remedies during his incarceration at FDC Philadelphia, Defendants appear to have only reviewed the following four grievances – Remedy ID Nos. 429437-F1, 471668-F1, 471668-R1, 481142-F1.  However, the universe of grievances filed by Plaintiff includes the following administrative requests that potentially implicate inadequate medical care or the administrative remedy process: Remedy Id Nos. 429437-R2, 466120-R1, 465776-F1, 468326-F1, 465776-R1, 429437-R1, 429297-R1, 468326-R1,429437-A1, 468326-A1, 471668-A1, 481148-F1, 481829-R1, 429297-A1,481819-A1, 502786-A1, 502781-F1, 502781-R1, 506680-R1, 502781-A1, 502781-A2, 506680-A1, 514770-F1, 525099-R1, 517340-F1, 524066-F1, 524066-R1, 524066-A1, 538644-F1, 538644-F2, 542549-F1, 542615-F1, 542615-R1, 546161-F1, 546161-R1, 547930-R1, 541194-A1, 548458-F1,546161-A1, 547930-A1, 548458-R1, 542615-A1, 542549-A1, 553824-F1,548458-A1, 465776-A1, 553824-R1, 565753-F1, 553824-A1, 548458-A2, 572482-F1, 572488-F1, 572482-F2, 578885-F1, and 572-482-R1.

Because a number of documents could potentially demonstrate an issue of fact regarding Plaintiff's alleged failure to exhaust, Plaintiff should be given the opportunity to conduct discovery and to oppose Defendants' motion on its merits.  Specifically, if permitted the opportunity to perform discovery, Plaintiff would request, at least, the following documents: (1) copies of all the grievances filed by Mr. Milhouse including, but not limited to Requests for Administrative Remedies and the appeals therefrom; (2) copies of all the Responses to Mr. Milhouse's grievances including responses to Requests for Administrative Remedies and the appeals therefrom; and (3) all other documents generated in connection with or relating to Mr. Milhouse's grievances including his Requests for Administrative Remedies and the appeals therefrom.  In addition, Mr. Milhouse would seek to depose relevant members of the FDC Philadelphia staff, Warden Levi and the Regional Director of the Federal Bureau of Prisons

about policies and procedures relating to inmate grievances and, in particular, their responses to Mr. Milhouse's grievances.

For the reasons set forth in this Memorandum of Law, Defendants' Motion for Summary Judgment should be denied.

HANGLEY ARONCHICK SEGAL & PUDLIN

Dated:  April 27, 2010

By: /s/ Matthew A. Hamermesh
     Matthew A. Hamermesh (I.D. No. 82313)
     One Logan Square, 27th Floor
     Philadelphia, PA  19103-6933
     (215) 568-6200

Attorneys for Plaintiff Kareem Hassan Milhouse