UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM HASSAN MILHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, GARY REYNOLDS, M.D., P.A. T FAUSTON, MS. DAVIS, P.A., DR. SPALDING, DR. DALMASI, WARDEN TROY LEVI, CAPTAIN DAVID C. KNOX, SIS LIEUTENANT JAMES GIBBS, and JOHN DOES 1-10,<br>Defendants. | CIVIL ACTION NO. 07-2222<br><br>JURY TRIAL DEMANDED |

**CERTIFICATION OF MATTHEW A. HAMERMESH PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(F)**

MATTHEW A. HAMERMESH, after being duly sworn, deposes and states as follows:

1. I am an attorney with the law firm of Hangley Aronchick Segal & Pudlin, and I represent Plaintiff Kareem Hassan Milhouse in the above-titled action.

2. From June 4, 2007 through May 15, 2008, Mr. Milhouse represented himself *pro se* in this action.

3. During that time, on at least two occasions, Mr. Milhouse attempted to compel the production of documents related to his Complaint by Motion to this Court.

4. These motions were denied.

5. Upon information and belief, Mr. Milhouse also attempted to compel the production of documents related to his Complaint through the administrative remedy process at the Bureau of Prisons.

6. Upon information and belief, no documents have been produced to Mr. Milhouse from the Bureau of Prisons.

7. On May 19, 2008, I was appointed to represent Mr. Milhouse in this action.

8. On August 13, 2009, I filed an Amended Complaint on behalf of Mr. Milhouse.

9. Thereafter, on October 13, 2009 Defendant Gary Reynolds and the remaining Defendants filed two separate Motions to Dismiss.

10. On March 2, 2010, this Court denied Defendants' motions.

11. On March 23, 2010, approximately three weeks after their Motions to Dismiss were denied, Defendants filed a Motion for Summary Judgment.

12. Because only three weeks passed between this Court's dismissal of Defendants' Motions to Dismiss and the instant Motion for Summary Judgment, Defendants have yet to file an answer and no Rule 26(f) conference has occurred. Thus, Plaintiff has had no meaningful opportunity to conduct discovery.

13. Through discovery of documents related to the administrative remedy requests described by and attached to the Howard Affidavit, Plaintiff seeks to uncover information that would preclude summary judgment as to Defendants' contention that Plaintiff has failed to exhaust his administrative remedies as required by the PLRA, by, for example, establishing that Plaintiff administrative remedies were unavailable to him or otherwise denied him.

14. Through discovery, Plaintiff would request, at least, the following: (1) copies of all the grievances filed by Mr. Milhouse including, but not limited to Requests for Administrative Remedies and the appeals therefrom; (2) copies of all the Responses to Mr. Milhouse's grievances including responses to Requests for Administrative Remedies and the appeals therefrom; and (3) all other documents generated in connection with or relating to Mr.

Milhouse's grievances including his Requests for Administrative Remedies and the appeals therefrom.

15. In addition, Mr. Milhouse would seek to depose relevant members of FDC Philadelphia staff, Warden Levi and the Regional Director of the Federal Bureau of Prisons about policies and procedures relating to inmate grievances and, in particular, their responses to Mr. Milhouse's grievances.

16. Further, while not necessary to survive the instant motion for summary judgment, Plaintiff also seeks to uncover information that would aid his claim that Defendants failed to provide medical care.

I declare under the penalty of perjury and under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge.

Dated: April 27, 2010                    /s/ Matthew a. Hamermesh
                                         Matthew A. Hamermesh